**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LAUREEN P.,

                       Plaintiff,

            v.                                              1:18-CV-1062
                                                                       (DJS)

ANDREW M. SAUL,[1]
*Comm'r of Soc. Sec.*,

                       Defendant.

**APPEARANCES:**                                     **OF COUNSEL:**

LAUREEN P.
Plaintiff, *Pro Se*
Windham, NY 12496

U.S. SOCIAL SECURITY ADMIN.        NATASHA OELTJEN, ESQ.
J.F.K. Federal Building, Room 625
15 New Sudbury Street
Boston, MA 02203

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER[2]

Currently before the Court, in this Social Security action filed by *pro se* Plaintiff Laureen P. against the Commissioner of Social Security, are Plaintiff's Motion for

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019 and is substituted as the Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] Upon Plaintiff's consent, the United States' general consent, and in accordance with this District's General Order 18, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 3 & General Order 18.

Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 14 & 17.

For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is granted and Defendant's Motion for Judgment on the Pleadings is denied. The Commissioner's decision denying Plaintiff disability benefits prior to April 1, 2013 is vacated, and the matter is remanded for further proceedings.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born on September 10, 1969, making her 42 years old at the alleged onset date of June 1, 2012 ("AOD") and 45 at the date of the ALJ's decision. Dkt. No. 7, Admin. Tr. ("Tr."), p. 319. She has past work in bookkeeping for a carpenter and as an assistant to the director of administration for a nonprofit. Tr. at p. 324. Plaintiff alleged disability due to chronic low back pain and collapsed disc at prior joint injury. Tr. at p. 323.

### B. Procedural History

Plaintiff applied for Disability Insurance Benefits in May of 2013. Tr. at pp. 197-203. Her application was denied. Tr. at pp. 126-134. Plaintiff requested a hearing, and a hearing was held on February 18, 2015 before Administrative Law Judge ("ALJ") Dale Black-Pennington at which Plaintiff was accompanied by a representative and testified. Tr. at pp. 97-125. The ALJ issued a partially favorable decision on March 30, 2015, finding Plaintiff disabled beginning April 1, 2013, but not disabled prior to that date. Tr. at pp. 7-21. Plaintiff requested review of the ALJ's determination, and the Appeals

Council denied the request for review on July 5, 2018. Tr. at pp. 1-6. Plaintiff filed her Complaint in this action on September 6, 2018. Dkt. No. 1.

### C. The ALJ's Decision

In his decision, the ALJ made a number of findings of fact and conclusions of law. First, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2017. Tr. at p. 13. Second, the ALJ found that prior to April 1, 2013, the date Plaintiff became disabled, she engaged in substantial gainful activity ("SGA"). *Id.* In particular, the ALJ found that her pay stubs demonstrated income exceeding the threshold for substantial gainful activity until March 31, 2013. *Id.* He found that her work activity cannot be considered an unsuccessful work attempt; that the earnings cannot be considered part of a trial work period; that nothing in the file establishes that she was receiving a subsidy from her employer; and that there is no indication in her termination letter that her performance was deficient or that she failed to meet expectations. *Id.* The ALJ next found that Plaintiff has not engaged in substantial gainful activity beginning on April 1, 2013. Tr. at p. 14. The ALJ ultimately determined that since April 1, 2013, considering Plaintiff's age, education, work experience, and residual functional capacity, there are no jobs that exist in significant numbers in the national economy that she can perform. Tr. at pp. 14-17. He found that she was not disabled prior to April 1, 2013, but became disabled on that date and has continued to be disabled through the date of his decision. *Id.*

### D. The Parties' Briefings on Their Cross-Motions

In her Motion for Judgment on the Pleadings, Plaintiff makes one argument: that the ALJ's determination that Plaintiff engaged in SGA from June of 2012 through March 31, 2013 was made in error. Dkt. No. 17, Pl.'s Mem. of Law, pp. 3-4.[3] She contends that the documentation that her representative submitted in response to the ALJ's request demonstrates that she did not actually work sufficient hours during the period to exceed the SGA threshold. *Id.* She asserts that while her paystubs do not differentiate between hours worked and vacation or sick time, the documentation that she submitted demonstrates what time was actually worked and what time was not. *Id.*

Defendant contends that Plaintiff has not rebutted the presumption that her earnings created, that she engaged in SGA, because she did not submit evidence from her employer to support her allegations. Dkt. No. 14, Def.'s Mem. of Law, p. 2. He indicates that Plaintiff's earnings records do not demonstrate what, if any, earnings were attributable to sick or vacation pay. *Id.* at p. 5. After the ALJ requested further information from Plaintiff, Plaintiff submitted pay stubs and time sheets, but Defendant contends the pay stubs do not indicate that Plaintiff used any vacation time in 2012 or 2013, and that her time sheets do not appear to have come from or have been approved by her employer, and so are not corroborated. *Id.* at pp. 9-10.

---

[3] Citations to Plaintiff's Motion are to the pagination automatically assigned by the Court's CM/ECF system.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines

whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### C. Plaintiff's *Pro Se* Status

Given that Plaintiff is proceeding *pro se* the Court is mindful of its obligation to "engage in a searching inquiry when deciding whether substantial evidence supports an administrative fact finding, whether or not a *pro se* litigant is perceptive enough to identify a specific evidentiary deficiency." *Smith v. Comm'r of Soc. Sec.*, 2014 WL 3392336, at *4 (N.D.N.Y. July 10, 2014) (citing *Monette v. Astrue,* 269 Fed. Appx. 109, 110 (2d Cir. 2008)). In doing so, the Court has held Plaintiff's "pleadings to less stringent standards than formal pleadings drafted by lawyers" and has construed them "to raise the strongest arguments that they suggest." *Rose v. Comm'r of Soc. Sec.*, 202 F. Supp. 3d 231, 239 (E.D.N.Y. 2016) (internal quotations and citations omitted).

### III. ANALYSIS

As the ALJ found Plaintiff was disabled beginning April 1, 2013, the only issue in this case is whether the ALJ's determination that Plaintiff engaged in SGA prior to April 1, 2013 is supported by substantial evidence. Plaintiff's pay stubs demonstrate that she did earn an amount of income that constitutes SGA. Tr. at p. 13; Tr. at pp. 267, 273, & 285. Once that was established, it became Plaintiff's burden to show that, for some

reason, her income did not in fact constitute SGA. "The plaintiff bears the burden of establishing that despite surpassing the established levels of earnings, she was not engaged in substantial gainful activity." *Croce v. Acting Comm'r of Soc. Sec.*, 2018 WL 4636815, at *5 (E.D.N.Y. Sept. 27, 2018) (citations omitted) (remanding because "[t]he ALJ did not address in her decision any of th[e] evidence that may suggest that Della Croce's work was performed under special conditions.").

"[A] claimant who works and earns above [the SGA] threshold amount can nonetheless be properly classified as disabled if that claimant performed his or her work under 'special conditions.'" *Moran v. Astrue*, 569 F.3d 108, 114 (2d Cir. 2009) (citing 20 C.F.R. §§ 404.1573(c) & 416.973(c)). The Regulations provide a number of examples of special conditions which may exist. 20 C.F.R. § 404.1573. In addition, the Social Security Program Operations Manual System ("POMS") in effect at the time, which details how the SSA should determine countable earnings, provided that

> When evaluating earnings for substantial gainful activity purposes, consider only earnings derived from actual work activity for the month under consideration. If an individual receives sick or vacation pay for non-work days in a particular month, that pay should not be considered countable income for that month. Rather, the question is what work activity did the individual actually perform in the given month and what earnings did the individual actually receive for that work activity. Only the earnings paid as a result of work activity should be used in determining if the individual has engaged in SGA in a particular month.

Def.'s Mem. of Law, Ex. 1, SSA, Program Operations Manual System ("POMS") DI 10505.010(C), "Determining Countable Earnings" (effective Mar. 18, 2013-Jan. 1, 2017), *available at* http://policynet.ba.ssa.gov/poms.nsf/lnx/0410505010. Although POMS are only guidelines, they "represent the Commissioner's interpretation of the statutory

mandate, they deserve substantial deference, and will not be disturbed as long as they are reasonable and consistent with the statute." *Bubnis v. Apfel*, 150 F.3d 177, 181 (2d Cir. 1998) (citations omitted). Defendant does not identify any law or regulation that is inconsistent with this interpretation. *See* Def.'s Mem. of Law at p. 8 (discussing POMS).

Here, the ALJ did not consider the documentation Plaintiff had submitted indicating what hours were actually worked and what hours were actually attributable to vacation or sick time. Indeed, the ALJ did not discuss any issue relating to hours actually worked as compared with vacation or sick time. Without any discussion of these documents or this general issue, the Court is unable to assess whether the determination is based on substantial evidence. *See Booker v. Astrue*, 2011 WL 3735808, at *5 (N.D.N.Y. Aug 24, 2011) ("The crucial factors in an ALJ's decision must be set forth in sufficient detail as to enable meaningful review by the court.") (citing *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)); *Hickman ex rel. M.A.H. v. Astrue*, 728 F. Supp. 2d 168, 173 (N.D.N.Y. 2010) ("The ALJ must 'build an accurate and logical bridge from the evidence to [his] conclusion to enable a meaningful review.'") (quoting *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002)).

Defendant in his brief provides possible explanations for why it would have been appropriate for the ALJ to disregard the documentation, but none of those reasons were expressed by the ALJ in his determination. *See* Def.'s Mem. of Law at pp. 8-12; Tr. at p. 13. The Court will not assume the ALJ's determination was based on a rationale he did not express. *See Demera v. Astrue*, 2013 WL 391006, at *3 n.3 (E.D.N.Y. Jan. 24, 2013) (citing *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)) ("*[P]ost hoc* rationalizations for

the ALJ's decision are not entitled to any weight."). The Court therefore remands the matter for further review.

### IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 14) is **DENIED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits prior to April 1, 2013 is **VACATED** and **REMANDED** pursuant to Section Four of section 405(g) for further proceedings; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon the parties to this action.

Dated: March 4, 2020
       Albany, NY

Daniel J. Stewart
U.S. Magistrate Judge